# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KEISHAN HERBERT ENIX

    Petitioner,

v.                                         CASE NO.  8:16-cv-1801-T-24AEP
                                                                8:13-cr-122-T-24AEP

UNITED STATES OF AMERICA,
_____/

## ORDER

Petitioner Keishan Herbert Enix, represented by counsel, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on July 24, 2016 and a memorandum in support on December 5, 2016. The United States filed a motion to dismiss the § 2255 motion as untimely on December 19, 2016 , to which Petitioner filed a response on December 27, 2016. After due consideration, the Court finds Petitioner's motion should be denied.[1]

Petitioner pled guilty to conspiracy to commit a Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) (count one), and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count three). On October 29, 2013, the Court sentenced Petitioner as a career offender to a term of imprisonment of

---

[1] Although the United States has moved to dismiss Petitioner's motion as untimely, and the motion is untimely in that his convictions have been final for more than one year and he cannot satisfy the exception under 28 U.S.C. § 2255(f)(3), the Court prefers to rule on the merits of the motion.

84 months on count one, followed by 84 months consecutive on count three, for a total sentence of 168 months.

Petitioner now seeks relief under the auspices of § 2255. Because this is a second § 2255 motion, Petitioner filed an application for leave to file a second or successive § 2255 motion. The Eleventh Circuit granted the application on June 28, 2016. Petitioner asserts his claim is timely pursuant to § 2255(f)(3) because he filed his § 2255 motion within one year of the Supreme Court's decision in Johnson.

In ground one, Petitioner argues that his conviction on count three, brandishing a firearm during and in relation to a crime of violence, should be vacated because his § 924(c) conviction was based on the residual clause of § 924(c)(3)(B), and because that clause is similarly worded to the Armed Career Criminal Act's ("ACCA") residual clause, it is unconstitutionally vague. In ground two, Petitioner argues his sentence as a career offender in count one should be vacated because he was sentenced under the residual clause of the career offender guideline and it is identically worded to the ACCA residual clause which was held to be unconstitutionally vague. Both claims are based on Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in Welch v. United States, 136 S. Ct. 1257 (2016).

**GROUND ONE : 924(c) COUNT**

The Eleventh Circuit has stated that the "law is unsettled" on whether the rule announced in Johnson applies to the similar language of § 924(c)(3)(B). See In re Pinder, 824 F. 3d 977, 978–79 (11th Cir. 2016). Furthermore, the Eleventh Circuit has not decided whether conspiracy to commit Hobbs Act robbery categorically qualifies as a crime of violence for purposes of § 924(c)(3)(A). Id. at 979 n.1.

Conspiracy to commit Hobbs Act robbery, unlike a Hobbs Act robbery which has been found to qualify as a crime of violence, In re Fleur, 824 F. 3d 1337, 1340 (11th Cir. 2016), does not qualify as a crime of violence under the use of force clause of §924(c)(3)(A). Conspiracy to commit Hobbs Act robbery does not have as an element the use, attempted use, or threatened use of physical force against the person or property of another as required by § 924(c)(3)(A) (the use of force clause). Therefore, it must be considered under the residual clause of § 924(c)(3)(B) if it is found to be a crime of violence. If the residual clause of § 924(c)(3)(B) is unconstitutionally vague, Petitioner's conviction on count three should be vacated. However, neither the United States Supreme Court nor the Eleventh Circuit has found § 924(c)(3)(B) to be unconstitutionally vague. Other Courts of Appeal that have addressed the unconstitutionality of § 924(c)(3)(B) have come to inconsistent conclusions (Second, Sixth and Eighth Circuits rejecting unconstitutionality and Seventh Circuit holding the residual clause in 924(c)(3)(B) unconstitutionally vague). Petitioner's motion must be denied as to ground one. This Court will not get ahead of the Supreme Court and the Eleventh Circuit by "invalidating

duly enacted and longstanding legislation by implication." United States v. Gonzalez-Longoria, 831 F. 3d 670, 678 (5th Cir. 2016).

**GROUND TWO**: **CAREER OFFENDER**

In ground two, Petitioner argues that pursuant to Johnson, his career offender sentence in count one is unconstitutional. He argues that because the Supreme Court held the residual clause of the ACCA unconstitutionally vague, an almost identically worded clause in the career offender sentencing guideline, USSG § 4B1.2(a)(2), must also be unconstitutionally vague.

At sentencing, the Court found Petitioner was a career offender. A defendant is a career offender subject to an enhanced sentence where the instant offense is a felony that is either a crime of violence or a controlled substance offense and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense, USSG § 4B1.1(a). The prior felonies which the Court found qualified as crimes of violence at sentencing were Florida convictions for 1) obstructing or opposing an officer with violence, (2) fleeing and eluding, and (3) felony battery. Obstructing or opposing an officer with violence and fleeing and eluding are still crimes of violence. See United States v. Hill, 799 F. 3d 1318, 1322–23 (11th Cir. 2015) (resisting an officer with violence categorically qualifies as a violent felony under the elements clause of the ACCA); United States v. Hill, 652 Fed. Appx. 835, 836 (11th Cir. 2016) (fleeing and eluding is a qualifying predicate of violence).

In addition, the Eleventh Circuit has held in <u>United States v. Matchett</u>, 802 F. 3d 1185 (11th Cir. 2015), that even in light of <u>Johnson</u> the residual clause in USSG § 4B1.2(a)(2) is not unconstitutionally vague. The Supreme Court has granted certiorari on the question of whether <u>Johnson</u> applies to USSG § 4B1.2(a)(2) (the residual clause). <u>Beckles v. United States</u>, No. 15-8544 (U.S. June 27, 2016). However, currently Petitioner's claim is foreclosed by the binding precedent of <u>Matchett</u>. Also, even if the residual clause of the career offender guideline was found to be unconstitutional by the Supreme Court in <u>Beckles</u>, Petitioner would still be a career offender based on his prior Florida state court convictions for obstructing and opposing an officer with violence and fleeing and eluding.

Finally in an effort to avoid the limitations bar of 28 U.S. C. § 2255(f), Petitioner claims he is actually innocent of his 18 U.S.C. § 924(c)(1)(A) conviction, but he is not, and this argument is without merit. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is DENIED.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1) Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 99) is **DENIED**.

(2) The United States Motion to Dismiss is **DENIED AS MOOT**.

(3) The Clerk is directed to enter judgment for the United States in the civil case and then to **CLOSE** the civil case.

**CERTIFICATE OF APPEALABILITY DENIED**

Petitioner is not entitled to a certificate of appealability. He has not shown that reasonable jurists would debate that he has made a substantial showing of the denial of a constitutional right.  28 U.S.C.§ 2253(c)(2). <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)

**DONE AND ORDERED** at Tampa, Florida, on February 21, 2017.

Copies to: Counsel of Record

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge